UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROSALIND B. KINNEY, Individually and on Behalf of the Estate of Alvin M. Kinney, and BRETT J. KINNEY, Individually, *Plaintiffs*, v. BRINK'S INCORPORATED, CAPITAL ONE NATIONAL ASSOCIATION, and 5718 WESTHEIMER ROAD INVESTORS LP, *Defendants*. | CIVIL ACTION NO. 4:15-CV-03512 |

## MEMORANDUM AND ORDER

Before the Court is Defendant Capital One National Association's unopposed motion for leave to designate responsible third parties. Dkt. 38. For the reasons set forth below, the motion is granted in part.

### BACKGROUND

This wrongful death suit arises from the fatal shooting of Alvin Kinney in 2015. Alvin worked for Defendant Brink's as an armored truck security guard. While Alvin was retrieving property from a Capital One branch located at 5718 Westheimer Road in Houston, Texas, he was shot and killed by armed robbers, who remain unidentified and at large.

Alvin's wife, Plaintiff Rosalind Kinney, and son, Plaintiff Brett Kinney, originally brought this wrongful death suit in state court. The defendants removed the case to federal court (Dkt. 1), the Kinney's filed an amended complaint (Dkt. 12), and Capital One National Association filed an amended answer to the amended complaint on July 1, 2016 (Dkt. 37-1).

ANALYSIS

Capital One National Association moves to designate the three unknown robbers (John Does 1–3) as responsible third parties under the Texas Civil Practice and Remedies Code. Dkt. 38. A "responsible third party" is:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

TEX. CIV. PRAC. & REM. CODE § 33.011(6).

Section 33.004 sets forth the requirements for designating an unknown responsible third party:

> (j) Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:
>
> > (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;
> >
> > (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and
> >
> > (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

In the Third, Fourth, and Fifth Defense of its amended answer, Capital One National Association alleges that Plaintiffs' injuries were caused by the criminal acts of at least three unknown assailants. *See* Dkt. 37-1 at 4-5. The amended answer adds no additional detail to the facts as alleged in the amended complaint; however, Capital One National Association admits to the truth of Paragraphs 10 and 13 of the amended complaint, which allege that Alvin worked as

an armored truck security guard and was shot and killed during a robbery. Dkt. 37-1, ¶¶ 10, 13. Thus, the alleged facts establish a reasonable probability that the act of these unknown assailants—shooting Alvin Kinney in the head during a robbery—is criminal in nature. The assailants have continued to elude law enforcement, and with little identifying information available, the answer additionally satisfies the identifying characteristics requirement of § 33.004(j).

In the amended answer, Capital One National Association alleges that it had no control over John Does 1–3 and is not liable for the actions of John Does 1–3, which constitute independent, intervening, or superseding causes of the plaintiffs' injuries. *See* Dkt. 37-1 at 4-5. The answer sufficiently describes the defenses alleged to satisfy § 33.004(j)(3).

Chapter 33 does not apply, however, to a claim for exemplary damages. TEX. CIV. PRAC. & REM. CODE § 33.002(c)(2); *Eisenstadt v. Tel. Elecs. Corp.*, No. 3:06-CV-1196-O, 2008 WL 4452999, at *2 (N.D. Tex. Sept. 30, 2008). Thus, to the extent Capital One National Association seeks to designate responsible third parties regarding Plaintiffs' claim for punitive damages, the motion is denied. The motion is otherwise granted.

## CONCLUSION

For these reasons, the Court grants Capital One National Association's motion for leave to designate unknown responsible third parties. John Does 1–3 are hereby designated as responsible third parties whose negligence will be submitted to the trier of fact for consideration, except on the issue of exemplary damages.

Signed at Houston, Texas, August 18, 2016.

Stephen Wm Smith
United States Magistrate Judge