United States District Court
Southern District of Texas
**ENTERED**
July 20, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSALIND B. KINNEY, individually and on Behalf of the ESTATE OF ALVIN M. KINNEY And BRETT K. KINNEY, INDIVIDUALLY  *Plaintiffs*, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:15-CV-03512 |
| BRINK'S INCORPORATED, CAPITAL ONE NATIONAL ASSOCIATION, and 5718 WESTHEIMER ROAD INVESTORS, LP,  *Defendants*. | § § § § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' motion to remand. Dkt. 98. After having considered the motions and arguments of counsel at a hearing held July 17, 2017, the motion to remand is denied. In addition, joinder of the non-diverse party, 5718 Westheimer Road Investors, LP ("5718 WRI"), is denied under 28 U.S.C. § 1447(e).

### Background

Plaintiffs, Texas citizens, originally filed this suit on October 26, 2015 in Texas court. The original petition named Brink's Incorporated ("Brink's"), a Delaware corporation, and Capital One National Association ("Capital One"), a Virginia corporation, as the defendants and asserted claims against them for negligence, premises liability, wrongful death and a survivor claim for personal injuries. Dkt. 5-2 ¶¶ 13-29. On December 3, 2015, Brink's and Capital One removed the suit to federal court on the basis of diversity. Dkt. 1.

1

On December 23, 2015, Plaintiffs filed an amended complaint adding a new defendant, 5718 WRI, allegedly a Delaware limited partnership. Dkt. 12. Leave of court under Rule 15 was never sought nor granted to join this new defendant, which (as plaintiff recently discovered) is actually a Texas entity and therefore non-diverse. The amended complaint alleges that 5718 WRI knew or should have known that a dangerous condition existed and that it failed to take reasonable precautions to address the dangerous condition. Dkt. 12 ¶ 17. Plaintiffs assert premises liability as to 5718 WRI and Capital One, wrongful death as to Brink's, and gross negligence as to all Defendants. *Id*. ¶¶ 19-36.

On March 8, 2017, the Court held a hearing on Brink's motion for summary judgment. Shortly thereafter, Capital One and 5718WRI filed its respective motions for summary judgment. Dkt. Nos. 76; 78. While those motions were pending, Plaintiffs filed this motion to remand, asserting for the first time that 5718 WRI was a resident of Texas, thereby destroying diversity jurisdiction over this case. Defendants concede that 5718 WRI is a limited partnership having Texas citizenship, but oppose the motion to remand.

## Analysis

Plaintiffs argue that because Texas residents are on both sides of the case, complete diversity is destroyed and the Court must remand the matter to Texas state court. Defendants respond that remand is not proper because (1) 5718 WRI was fraudulently joined and thus the Court continues to have diversity jurisdiction over all defendants; or (2) in the alternative, joinder of 5718 WRI should be denied as improper under 28 U.S.C. § 1447(e), effectively dismissing that party from the lawsuit. Dkt. 100.

Federal district courts have diversity over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires *complete* diversity, meaning no plaintiff may be of the same citizenship of any defendant. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

**1. Fraudulent Joinder**

"A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is non-diverse." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 199. The Fifth Circuit has explained that a defendant seeking to defeat a motion to remand on the basis of improper joinder must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2005).

To determine whether the non-diverse defendant has been improperly joined, the Court usually "conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. The Fifth Circuit recently held that the federal courts' determinations should be made on the basis of federal pleading standards set out

in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Int'l Energy Ventures*, 818 F.3d at 202.

Defendants' contention that the Court's inquiry should be similar to that in ruling on a motion for summary judgment (Dkt. 100 at 3) is incorrect. Courts may look beyond the pleadings, but only to identify "discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573. Anything beyond this limited inquiry would move the Court outside of its jurisdictional bounds and result in a ruling on the merits.

The plaintiff's complaint against 5718 WRI survives the fraudulent joinder test. Based on the allegations, it cannot be said that plaintiff would have no possibility of recovery against 5718 WRI for premises liability under Texas law. This is not to say that the claim would survive a properly-supported summary judgment motion, based upon a fully developed factual record. But, on its face, the complaint states a plausible claim for relief against 5718 WRI under Texas premises liability law.

## 2. Improper Joinder of Non-diverse Party

When a plaintiff seeks to join a non-diverse defendant after the case has been removed, Rule 15 no longer controls. Instead, the Court's analysis is governed by 28 U.S.C. § 1447(e), which states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

These are the federal court's only options. "The court may not permit joinder of non-diverse defendants but then decline to remand." *Cobb v. Delta Exports, Inc.*, 186 F.3d

675, 677 (5th Cir. 1999). The choice between the options outlined in § 1447(e) lies squarely in the discretion of the court. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987). Four factors are to be considered in exercising that discretion: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Id.*

Only the first of these factors weighs in favor of the plaintiffs. The Court accepts the representation of plaintiffs' counsel that they only recently learned of 5718 WRI's Texas citizenship, and so it cannot be said that plaintiffs' purpose in amending the complaint was to defeat federal jurisdiction. But the plaintiffs were certainly dilatory in "asking for amendment" to join a non-diverse defendant – in fact, they never did seek leave of court to do so. Only now, in their eve-of-trial motion to remand, do the plaintiffs ask the Court to retroactively bless the joinder of this non-diverse defendant, and so send all the parties back to square one in state court. Because plaintiffs have made no showing that the true citizenship of 5718 WRI could not have been discovered by due diligence in December 2015, the Court concludes that they have been dilatory in seeking this relief.

Nor does it appear that plaintiffs will be significantly injured if joinder of the non-diverse defendant is denied. There is no indication that Brink's and Capital One would be unable to satisfy a judgment in this case. Discovery is now closed, so presumably plaintiffs have obtained whatever discovery from 5718 WRI that might be relevant to their claims. Further, the Court has been given no reason to believe that plaintiffs could

5

not pursue their claims against 5718 WRI in state court, if they so chose. *See* TEX. CIV. PRAC. & REM. C. § 16.064.

Finally, the overall equities here weigh decidedly against remand. Courts should respect the right of out-of-state defendants to elect a federal forum against in-state plaintiffs. *See Hensgens*, 833 F.2d at 1181. Defendants Brink's and Capital One are properly before this Court, having completed discovery, filed dispositive motions, and prepared to go to trial if necessary. It would be grossly unfair to these parties to transfer this case back to state court at this eleventh hour, to start all over again on a new court docket. It is true that 5718 WRI bears some responsibility for failing to timely advise the Court and other parties of its non-diverse status. But, to some extent, 5718 WRI will have paid a price for its oversight, by incurring time and expense defending a lawsuit in the wrong forum, only to be dismissed before obtaining a ruling on the merits.

Considering all these circumstances, and especially the current posture of a case pending for 19 months, with discovery closed and dispositive motions on file, the Court concludes that remand to state court at this time would be neither efficient, cost-effective, nor just.

## **Conclusion**

For these reasons, the Plaintiffs' motion to remand is denied. Joinder of 5718 WRI is denied under 28 U.S.C. § 1447(e), and all claims against it are dismissed without prejudice.

Signed at Houston, Texas, on July 20, 2017.

                                            Stephen Wm Smith
                                    United States Magistrate Judge