UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROSALIND B. KINNEY, individually and on Behalf of the ESTATE OF ALVIN M. KINNEY, And BRETT K. KINNEY, INDIVIDUALLY <br>     *Plaintiffs*, <br><br> v. <br><br> BRINK'S INCORPORATED, and CAPITAL ONE NATIONAL ASSOCIATION, <br>     *Defendants*. | § § § § § § § § § § § § CIVIL ACTION NO. 4:15-CV-03512 |

## OPINION ON SUMMARY JUDGMENT

Before the Court is defendant Brink's motion for summary judgment. (Dkt. 52). After careful review of the pleadings and the law, the court concludes that Brink's is entitled to summary judgment on all claims, and that its motion will be granted.

### Background

This is a wrongful death action brought by plaintiffs Rosalind Kinney, the surviving spouse, son Brett Kinney, and the estate of decedent Alvin M. Kinney. At the time of his death, Mr. Kinney was employed as a messenger by Brink's, an armored car service. On February 12, 2015, Mr. Kinney was working in the course and scope of his employment when he was shot and killed by an unknown assailant during a robbery. The killing occurred at the Capital One bank branch on 5718 Westheimer, Houston, Texas. Dkt. 12.

First Amended Complaint asserts gross negligence, wrongful death and survival claims against Brink's. Plaintiffs have also asserted a premises liability claim defendant

Capital One, the operator of the premises where the killing occurred. Capital One has in turn filed a crossclaim against Brink's. (Dkt. 46). Now, Brink's moves for summary judgment on all claims for relief by the plaintiffs, as well as the cross claim by Capital One.

## Summary Judgment Standard

In order to be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* A party moving for summary judgment "must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 f.3d 1069, 1075 (5th Cir. 1994) (internal citation omitted).

If the moving party meets this burden, the burden shifts to the non-moving party to show with "significant probative" evidence that there exists a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994) (internal citation omitted). Unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substantiate for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Wa.*, 276 F.3d 754, 759 (5th Cir. 2002) (internal citation omitted). The non-movant is required to identify specific evidence in the

record and to articulate the precise manner in which that evidence supports his or her claim. *Id.* at 1537.

## Analysis

1. **Plaintiff's Claims**

Brink's motion asserts that, as a matter of law, the Kinneys' claims are barred by a combination of two Texas statutes. Under Texas Labor Code § 408.001(a), "recovery of workers compensation benefits is the exclusive remedy" against an employer who subscribes to workers' compensation insurance. It is undisputed that Brink's was Mr. Kinney's employer, that he subscribed to workers' compensation insurance, and that Plaintiffs are receiving benefits from Brink's workers' compensation carrier in connection with the incident. Dkt. 52-1 at 13. As a covered employer under the law, Brink's cannot be held liable for actual damages resulting from a work-related injury or death. *See Wright v. Gifford-Hill & Co.,* 725 S.W.2d 712, 714 (Tex. 1987). This exclusive remedy provision does not extend to all damage claims, however. The statute makes an exception for exemplary damages in cases where employer gross negligence resulted in an employee's death. TEX.LAB.CODE §408.001(b).[1] So the gross negligence claim for exemplary damages by Mr. Kinney's surviving spouse and son[2] are not precluded under this statute.

---

[1] TEX.LAB.CODE § 408.001(b) ("This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.").

[2] The decedent's estate is not covered by this exception, so its claims are entirely precluded under the Texas Workers' Compensation Act. *Port Elevator-Brownsville v. Casados,* 358 S.W.3d 238, 241 (Tex. 2012).

However, Brink's asserts that a different statute does preclude their exemplary damages claim. Texas Civil Practice & Remedies Code § 41.005(a) provides: "In an action arising from harm resulting from an assault, theft, or other criminal act, a court may not award exemplary damages against a defendant because of the criminal act of another." This act has been applied to preclude an award of exemplary damages against an employer based on the criminal act of another, even if the employer's actions concurrently caused the employee's death. *See Miles v. Jerry Kidd Oil Co.,* 363 S.W.3d 823 (Tex. App. – Tyler 2012, no pet.).

Plaintiffs argue in response that (1) Texas Civil Practice & Remedies Code § 41.005 conflicts with and is overridden by the Texas Labor Code exclusive remedy exception for exemplary damages based on gross negligence; (2) Section 41.005 is unconstitutional under Tex. Const. art. XVI, § 26; and (3) a genuine issue of fact exists regarding the applicability of Section 41.005(a) in this case. For reasons explained below, plaintiffs' contentions are without merit.

Plaintiff's first argument --- that the Texas Labor Code exclusive remedy exception should override Section 41.005(a)'s preclusion of exemplary damages for harm caused by a criminal act of a third party --- rests on a misapplication of Texas statutory interpretation principles. Under those principles, a conflict between a general and a special provision should be resolved by construing them in a way that gives effect to both.[3] Failing that, the specific provision prevails over the general, unless the general

---

[3] TEX.GOV.CODE §311.026(a).

4

provision is the later enactment and the manifest intent is that the general provision prevails.[4]

The conflict between the two statutes is difficult to reconcile, at least in the context of a work-related death caused by the criminal act of a third party. The Texas Labor Code seems to permit an exemplary damages claim in circumstances that the Texas Civil Practice & Remedies Code does not allow. The difficulty lies in determining which of the two statutes is the "general" provision and which the "special." Texas Labor Code § 408.001(b) applies in the special context of a work-related death caused by the employer's gross negligence. On the other hand, Section 41.005 applies in the special context of exemplary damage actions based on harm caused by a criminal act: subsection (a) states the general rule precluding such claims, while the next two subsections specify several exemptions to the general rule, including one exemption which describes circumstances under which an employer may be liable for exemplary damages arising from a criminal act.[5] If anything, Section 41.005 appears to be the more specific of the two enactments.

But even if the Texas Labor Code were deemed to be the more specific, it would not be controlling here. Section 41.005 is the more recently enacted law,[6] and the Texas Legislature expressly declared that its provisions "prevail over all other law to the extent

---

[4] *Id.* at § 311.026(b).

[5] TEX.CIV.PRAC. & REM.CODE § 41.005(b)-(c).

[6] CIVIL ACTIONS—EXEMPLARY DAMAGES, 1995 Tex. Sess. Law Serv. Ch. 19 (S.B. 25) (VERNON'S) (noting that this "Act takes effect September 1, 1995").

5

of any conflict." TEX. CIV. PRAC. & REM. CODE § 41.002(c). Under Texas principles of statutory interpretation, then, plaintiffs' gross negligence exemplary damages claim is governed by Section 41.005, and not saved by Texas Labor Code § 408.001(b).

Plaintiffs' argument challenging the constitutionality of Section 41.005 under TEX. CONST. ART. XVI § 26 also lacks merit.[7] The court in *Miles v. Jerry Kidd Oil Co.,* 363 S.W.3d 823 (Tex. App. – Tyler 2012, no pet.), persuasively rejected a very similar argument advanced by the husband of an employee killed by an intoxicated driver as she was walking across a busy roadway on a job errand. The court began by noting the presumption that the legislature enacts a statute with intent to obey the Texas constitution. *Id.* at 827; *Spring Branch Ind. School Dist. v. Stamos*, 695 S.W.2d 556, 558 (Tex. 1985). The court then explained that Article XVI, section 26 was not intended as a limit on the legislature's power to impose restrictions on the availability of exemplary damages:

> The Supreme Court of Texas considered this constitutional provision in 1995, only a few weeks before the legislature voted on Section 41.005. *See generally Travelers Indem. Co.of Ill. v. Fuller,* 892 S.W.2d 848 (Tex. 1995). In *Travelers,* the court recognized that the purpose of Article XVI, Section 26 was to alleviate two common law impediments to the recovery of damages caused by the death of a family member. *Id.* at 850-52. The constitutional provision therefore does not prohibit the legislature from creating a bar to recovery of exemplary damages in a wrongful death claim. *See id.* at 852.

---

[7] That section of the Texas Constitution provides: "Every person, corporation, or company, that may commit a homicide, through willful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide."

6

363 S.W.3d at 827. Accordingly, the provisions of Texas Civil Practice & Remedies Code § 41.005 limiting recovery for exemplary damages arising from harm caused by the criminal act of another do not violate the Texas Constitution.

Finally, plaintiffs argue that, even if Section 41.005 applies, there is a genuine dispute of fact whether one of the Section 41.005(b) exceptions to the exemplary damages bar might apply. In particular, plaintiffs assert that the criminal act was committed by a Brink's employee, thereby triggering the first exemption. TEX. CIV.PRAC. & REM. CODE § 41.005(b)(1). The evidence offered to support this theory is exceedingly thin, however. It consists of a Capital One incident report that includes communication with an FBI agent in 2015. Dkt. 58-3 at 2. The only mention of employee involvement, however, is the agent's inquiry into the schedules of those who worked, who called in, or who were recently terminated that may know the schedule for Mr. Kinney's route. Dkt. 58-3. But this document merely confirms the existence of a routine and thorough investigation by the FBI. It is not itself evidence that any Brink's employee was responsible for the crime, nor is it sufficient to create a genuine issue of material fact for the jury's consideration.

Accordingly, Brink's is entitled to summary judgment on all claims for relief asserted by all plaintiffs.

2. **Capital One's Cross-claim**

Defendant Capital One has asserted a cross-claim against Brink's seeking contribution pursuant to Texas Civil Practice & Remedies Code § 33.015(b). Under Texas law, a party is generally barred from seeking contribution and indemnity from a party against whom the injured party has no cause of action. *See City of Houston v. Watson*,

376 S.W.2d 23, 33 (Tex. Civ. App.—Houston 1964, writ ref'd n.r.e.). This rule has been applied in the specific context of work-related wrongful death actions. *See General Elevator Corp. v. Champion Papers,* 590 S.W.2d 763, 765 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Accordingly, because plaintiffs' claims for relief against Brink's are barred by statute, Capital One's cross-claim against Brink's is likewise precluded.

## **Conclusion**

For the foregoing reasons, Brink's motion for final summary judgment is granted on all claims. In light of this ruling, Brink's motion to sever is denied as moot.

Signed at Houston, Texas, on January 11, 2018.

Stephen Wm Smith
United States Magistrate Judge